## SAMUEL THACHER vs. GARDNER DUNHAM.

Costs recovered against an executor or administrator, in any suit commenced or prosecuted by or against him as such, cannot, by the Rev. Sts. c. 67, § 11, be allowed in his administration account until they have been actually paid by him.

APPEAL from a decree of the probate court, disallowing certain items in the account of the appellant as administrator of the estate of Polly Briggs.

The parties submitted the case to the decision of this court upon the following facts : These items consisted of the damages and costs recovered against the appellant in a suit commenced and prosecuted against him as such administrator, and for which execution had been issued against him in his individual capacity, and of the fees of witnesses summoned and used by him in the defence of that suit ; but none of these items had been paid when the account was rendered. No question is made as to the propriety of the appellant's defending said suit.

C. I. Reed, for the appellant.

E. H. Bennett, for the appellee.

THOMAS, J. The Rev. Sts. c. 67, § 11, provide that " if judgment shall be recovered against an executor or administrator for costs, in any suit commenced or prosecuted by him in that capacity, the estate in his hands shall not be taken on the execution for such costs ; but execution shall be awarded against him as for his own debt ; and the amount paid by him thereupon shall be allowed in his administration account, unless it shall appear to the judge of probate that the suit was commenced or prosecuted unnecessarily or without any reasonable cause."

No question was made as to the propriety of the defence made by the administrator ; but the amounts claimed by him had not been paid. The payment is, by the terms of the statute, a condition precedent to their allowance.

*Decree affirmed.*